UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
KENNETH W. JOHNSON,           )
                              )
          Plaintiff,          )
                              )
     v.                       )    Civil Action No. 06-22 (RWR)
                              )
STACEY LEWIS et al.,          )
                              )
          Defendants.         )
                              )
```

AMENDED MEMORANDUM OPINION

*Pro se* plaintiff Kenneth W. Johnson has filed an action against several individuals and a law firm, alleging violation of his civil rights under 42 U.S.C. §§ 1981 and 1983, legal malpractice, and intentional infliction of emotional distress. Each defendant[1] has moved to dismiss the complaint for failure to state a claim.[2] Because Johnson does not state a claim under the

---

[1] The complaint was dismissed as to defendants Stacey Lewis and Robert Mance because those defendants were not served with a summons and complaint.

[2] Defendants also argue that issue preclusion and the statute of limitations should bar this action. These contentions are without merit. Issue preclusion does not apply here because the events giving rise to the claims against the moving defendants have never before been litigated. The three-year D.C. statute of limitations on personal injury claims, D.C. Code § 12-301(8), which applies here by operation of a Supreme Court decision, Owens v. Okure, 488 U.S. 235, 249-50 (1989), does not bar this action because Johnson filed this action on January 9, 2006, complaining of events that occurred no earlier than January 15, 2003. See also, Carter v. District of Columbia, 14 F. Supp. 2d 97, 102 (D.D.C. 1998) (stating that plaintiffs in this court "have the right to bring a Section 1981 or a Section 1983 claim at any time within three years of the alleged discrimination").

-2-

civil rights statutes, those claims will be dismissed, and supplemental jurisdiction of the state law claims will be declined under 28 U.S.C. § 1367(c)(3).

BACKGROUND

Johnson, a man of mixed racial ancestry who alleges that he "looks either Caucasian/European or predominately Caucasian/European" (Am. Compl. at 6), complains because none of the defendants, all attorneys, agreed to represent him in his pursuit of legal remedies relating to matters that occurred in 1997 when he was arrested, tried, and acquitted in the Superior Court for the District of Columbia.[3]  On the basis of these refusals, he alleges race discrimination, legal malpractice, and intentional infliction of emotional distress.

According to Johnson, he approached attorney Jesse Gadson in 2002 about filing a claim for post-judgment relief, but Gadson declined and directed Johnson to the public law section of the Library of Congress.  (Am. Compl. at 40-41.)  Johnson visited Gadson again sometime shortly before January 15, 2003, because Gadson had given him more time and more valuable information than had any other attorney Johnson had contacted.  (Id. at 41.)  On January 15, 2003, Gadson entered into a contract with Johnson for

---

[3]  The complaint itself, exclusive of the five volumes of attached exhibits, is 104 pages long, argumentative, and far from the "short and plain statement of a claim," or "simple, concise and direct" averment that Fed. R. Civ. P. 8(a)(2) and (e) requires.

-3-

the limited purpose of "investigat[ing] the possibility of filing a law suit against the District of Columbia government." (Id. at 40, 50 (quoting agreement between Gadson and Johnson).)  After conducting the agreed-upon investigation, and viewing additional materials at Johnson's request, Gadson again declined to represent Johnson, expressly because Gadson felt he did not have the experience necessary for the case.[4]  (Id. at 44.)

According to the amended complaint, in September 2003, Johnson asked Tony Lee, an attorney and partner in the law firm McGuireWoods, LLP,[5] to "provide legal counsel on filing a motion to set aside the prior judgment in Johnson v. District of Columbia . . . C.A. 3837-98 before the Superior Court of the District of Columbia pursuant to [R]ule 60(b). . . .  And asked Tony Lee to have the July 15, 1998 judgment vacated.  He refused[]!"  (Am. Compl. at 53.)  The amended complaint recounts some of the advice Lee gave Johnson and his conclusion that Lee could not help Johnson in his efforts.  (Id. at 53-54.)  The facts Johnson alleges suggest that Lee made a contract with Johnson and, as agreed, provided legal counsel to him.

---

[4]  Johnson, *pro se*, filed an action against the District of Columbia on June 4, 2003, which was dismissed on a motion to dismiss that was filed in late July 2003, because the claims were time barred.  See Johnson v. District of Columbia, Civil Action 03-1218 (CKK) (D.D.C. Oct. 14, 2003).

[5]  McGuireWoods is also a defendant, but without stating so, Johnson alleges McGuireWoods' liability by only through the acts of Lee.  (See Am. Compl. at 68-78.)

-4-

Johnson alleges that he spoke to attorney Elbert Shore on April 15, 2004, about Shore entering an appearance in an action Johnson had filed *pro se* three days earlier captioned <u>Johnson v. Mance</u>, asserting claims relating to events occurring in 1997 and another event occurring in 2004.[6]   (Am. Compl. at 66.)   Johnson alleges that he paid Shore a $75.00 consultation fee and presented Shore with the facts underlying the <u>Mance</u> action, that Shore asked and was told about Johnson's mixed racial ancestry, and that Shore refused to represent Johnson in the matter.   (<u>Id.</u>)

Then, sometime in June 2004, Johnson attempted to engage the legal services of Harold N. Harmon and Robert F. Condon.   Johnson "offered his [pending *pro se*] lawsuit against Robert Mance" to Harmon and Condon and told them of the facts in the case.   (<u>Id.</u> at 62.)   A motion to dismiss in that case had been filed on June 7, 2006.   Harmon and Condon later sent Johnson a retainer agreement, but before the agreement reached Johnson, the case was dismissed.   (<u>Id.</u>)   After Johnson informed Harmon and Condon that the case had been dismissed, they responded in a letter:   "Please be advised that we will not be able to represent you in your case that was dismissed by Judge Robertson in the U.S. District Court

---

[6]   On August 6, 2004, the complaint was dismissed because the claims pled either failed to state a claim upon which relief could be granted or were barred by the statute of limitations. <u>See</u> Mem., <u>Johnson v. Mance</u>, Civil Action No. 04-591 (JR) (D.D.C. Aug. 5, 2004).

or in your current Motion for Summary Reversal filed in the U.S. Court of Appeals for the District of Columbia." (Id.)

Johnson alleges that the defendants' refusals were racially discriminatory and deprived him of his civil rights in violation of 42 U.S.C. §§ 1981 and 1983.  He also alleges that these same refusals constituted legal malpractice and the intentional infliction of emotional distress, in violation of state common law.

DISCUSSION

Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A "complaint should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. . . .  To that end, the complaint is construed liberally in the plaintiffs' favor, and we grant plaintiffs the benefit of all inferences that can be derived from the facts alleged. . . . However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citations omitted).

-6-

I.   THE FEDERAL CIVIL RIGHTS CLAIMS

   A.   <u>Claim for discrimination under 42 U.S.C. § 1981</u>

   Johnson alleges that all defendants violated § 1981 when
they "refused to either make or enforce a contract with Johnson,
because Johnson is a predominately Caucasian U.S. Citizen, who
has scant physical evidence of any African blood or ancestry
. . . ."  (Am. Compl. at 6.)  Section 1981 provides that "[a]ll
persons within the jurisdiction of the United States shall have
the same right in every State and Territory to make and enforce
contracts . . . as is enjoyed by white citizens . . . ."  Johnson
claims that the black defendants -- who are not identified --
have discriminated against him because he appears white.  (Am.
Compl. at 6.)  He also alleges that white defendants -- who are
not identified -- have discriminated against him because although
he appears white, they knew of his black ancestry.  (<u>Id.</u>)  The
only defendant Johnson alleges knew of his black ancestry is
Elbert Shore.  (<u>Id.</u> at 66.)

   Johnson infers race-based discrimination by all the
defendants, but for each defendant, that inference enjoys no
support from the facts Johnson pleads.  First, Johnson alleges
that he was perceived as a white citizen by all defendants except
Shore, who knew of his black ancestry.  (Am. Compl. at 6, 66.)
White plaintiffs certainly may sue under § 1981.  However,
because § 1981 entitles all persons to the same contracting

rights as are "enjoyed by white citizens," Johnson's allegations
that defendants saw him as white and treated him like a white
person because he is mostly white hardly states a claim grounded
in some differential treatment based upon race that is cognizable
under § 1981.  See MacInstosh v. Building Owners & Managers Ass'n
Intern., 355 F. Supp. 2d 223, 226 (D.D.C. 2005) (discussing how
although a § 1981 plaintiff need not be a person of color, the
conduct complained of must involve some racially motivated
differentiation (citing Glymph v. District of Columbia, 211 F.
Supp. 2d 152, 154 (D.D.C. 2002))).

Second, other facts Johnson alleges do not support an
inference of race-based discrimination as to any of the
defendants, including Shore.  Johnson pleads facts that establish
that each defendant met with Johnson, agreed to evaluate his case
and then, only after evaluating the merits of Johnson's case,
declined to provide representation.  In the case of each
defendant, the facts Johnson pleads demonstrate that each
defendant was either willing to (Harmon & Condon), or did
(Gadson, Lee, Shore), make a contract with Johnson, some only for
the limited purpose of evaluating or providing legal advice on
the efficacy of pursuing a claim.[7]  In the case of each

---

[7]  Johnson appears to harbor the belief that if he pays an
attorney for legal advice and then wants to pursue a course of
action against legal advice, that he can command an attorney to
represent him.  This is not necessarily so.  An attorney is both
a professional and an officer of the court who is not only

-8-

defendant, the facts Johnson alleges reflect that the
representation was declined for professional (Gadson) or legal
(Lee, Shore, Harmon & Condon) reasons.  Even with respect to
Shore, Johnson's allegations do not support an inference of race-
based discrimination in contracting.  Shore agreed to provide a
legal consultation and did so.  Then, after learning of the facts
of the case, he declined to represent Johnson in the already-
filed Johnson v. Mance action.

     In short, Johnson's factual allegations do not support an
inference of race-based discrimination.  The only suggestions of
race-based conduct in the complaint are the sweeping and
factually unsupported conclusions asserted by Johnson.  Such
conclusions, devoid of factual support, are not credited on a
motion to dismiss.  Kowal, 16 F.3d at 1276 (noting that a court
is not required to "accept legal conclusions cast in the form of
factual allegations").  Accordingly, the § 1981 claim as to each
defendant will be dismissed for failure to state a claim upon
which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

     B.   Claim for discrimination under 42 U.S.C. § 1983

     Johnson alleges that the defendants' refusals to represent
him in his pursuit of legal remedies violated § 1983.  Section

entitled, but also obligated, to use his professional legal
judgment in accord with his ethical responsibilities to decline
to make arguments or representations that are not supported in
either fact or law.

-9-

1983 provides that "[e]very person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State or
Territory or the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other person
within the jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress . . . ."  "To
state a claim under section 1983, a plaintiff must allege both
(1) that he was deprived of a right secured by the Constitution
or laws of the United States, and (2) that the defendant acted
'under color of' the law of a state, territory or the District of
Columbia."  Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991)
(quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)).

    First, as was true with Johnson's § 1981 claims, Johnson
does not make factual allegations that reflect that he was
deprived of any right secured by federal law.  Second, Johnson
does not allege that the defendants were state officials,[8] or

_____

    [8]  An attorney licensed to practice law is not acting under
color of law by dint of his membership in the bar and status as
an officer of the court.  See Polk v. Dodson, 454 U.S. 312, 318
(1981); Van Daele v. Vinci, 294 F. Supp. 71, 74 (N.D. Ill. 1968)
("Merely acting under a state license is not state action within
the context of the civil rights acts."); Sullivan v. Stein, No.
Civ. 3:03 CV 1203 (MRK), 2004 WL 1179351, *11 (D. Conn. May 21,
2004) ("It is well-settled . . . that private attorneys do not
act under color of state law and are not state actors simply by
virtue of their state-issued licenses to practice law.").

-10-

that they conspired with state officials or willfully engaged in
joint activity with a state or its agents in their refusal to
represent Johnson.  See id.  Accordingly, Johnson's allegations
do not state a claim for which relief may be granted under 42
U.S.C. § 1983 and that claim will be dismissed as to each
defendant.

II.  THE STATE COMMON LAW CLAIMS

     If "the district court has dismissed all claims over which
it has original jurisdiction," the court may decline to exercise
supplemental jurisdiction over remaining state law claims.[9]  28
U.S.C. § 1367(c)(3).  Accordingly, supplemental jurisdiction over
Johnson's state common law claims will be declined and those
claims will be dismissed for lack of jurisdiction.

CONCLUSION

     Because Johnson's factual allegations do not state a claim
under the civil rights statutes, those claims will be dismissed.
Because supplemental jurisdiction of the state law claims will be
declined under 28 U.S.C. § 1367(c)(3), those claims will be
dismissed.  Because the complaint will be dismissed, the two

---

     [9]  Johnson asserts diversity jurisdiction.  (See Compl.
at 3; Am. Compl. at 3.)  However, he fails to plead complete
diversity of citizenship, and the face of the complaint (and of
the amended complaint) reflect an absence of complete diversity.
Both Johnson and defendant Shore have addresses in Maryland and
Maryland citizenship has not been disputed.  Thus, there is no
diversity jurisdiction over this action under 28 U.S.C.
§ 1332(a).

-11-

pending motions relating to admission of evidence will be denied

as moot.  A final, appealable Order accompanies this Memorandum

Opinion.

SIGNED this 20th day of September, 2006.


_____/s/_____
RICHARD W. ROBERTS
United States District Court