# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
_____
                             )
KENNETH W. JOHNSON,          )
                             )
        Plaintiff,           )
                             )
   v.                        )    Civil Action No. 06-22 (RWR)
                             )
STACEY LEWIS et al.,         )
                             )
        Defendants.          )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth W. Johnson has filed motions to reconsider and vacate an order dismissing his complaint. He has also filed a motion to admit evidence of his current and intended future domicile related to the issue of diversity jurisdiction. Because Johnson does not identify any reason with legal merit to reconsider or vacate the order, and because the offered evidence would not remedy the flaw in diversity jurisdiction, his motions will be denied.

## BACKGROUND

Johnson filed a complaint asserting federal question, supplemental and diversity jurisdiction, and alleging violations of his federal civil rights under 42 U.S.C. §§ 1981 and 1983, legal malpractice and intentional infliction of emotional distress. The federal civil rights claims were dismissed for failure to state a claim upon which relief could be granted. The common law claims were dismissed because the complaint did not

establish diversity jurisdiction and supplemental jurisdiction was declined. See Memorandum Opinion & Order, Sept. 19, 2006. Johnson has moved for relief from the dismissal under Fed. R. Civ. P. 59(e) and 60(b)(2), and to admit evidence of his current and intended future domicile.

## DISCUSSION

I.  MOTIONS FOR RECONSIDERATION AND TO ADMIT DOMICILE EVIDENCE

A motion for reconsideration under Fed. R. Civ. P. 59 is not intended to provide a vehicle to reargue facts already presented. Messina v. Krakower, 439 F.3d 755, 759 (D.C. Cir. 2006) (affirming denial of Rule 59(e) motion where plaintiff did nothing more than rely on the same arguments originally made). Rather, such a motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. at 758 (quotation marks and citation omitted).

Johnson contends that his complaint did not fail to state a claim upon which relief may be granted. (Pl.'s Mot. for Reconsideration at 1.) His argument, however, focuses primarily on his legal malpractice allegations, about which no finding was made with respect to the sufficiency of the pleading. (Id. at 2-5.) Johnson has not identified a basis for reconsidering the

decision as to the federal civil rights claims.  He has, at the most, reargued facts already presented.

Johnson also argues in his motion for reconsideration that diversity jurisdiction exists.  (Id. at 1.)  In support of that argument, and attached to a motion to admit evidence, he filed an affidavit and documents demonstrating that he lives in Maryland and intends to remain domiciled in Maryland, and that at least one of the defendants is a Virginia citizen.  Johnson's arguments and evidence do not meet the test of diversity jurisdiction, as diversity jurisdiction cannot be established on the basis of the citizenship of the plaintiff and one of multiple defendants.  Diversity jurisdiction requires complete diversity between adversaries at the time the suit is filed, such that no defendant may be a citizen of the state of which any plaintiff is a citizen.[1]  See Saadeh v. Farouki, 107 F.3d 52, 54-55 (D.C. Cir. 1997) (stating that "'federal diversity jurisdiction is lacking if there are any litigants from the same state on opposing sides.'" (citing Prakash v. American Univ., 727 F.2d 1174, 1178 n.25 (D.C. Cir. 1984)).

---

[1] Johnson's point that defendant Elbert Shore, whose address on the face of the complaint was listed as Maryland, was not involved in the series of events giving rise to the asserted cause of action until April 15, 2004, is irrelevant.  (Pl.'s Mot. for Reconsideration at 13-14.)

II.  MOTION TO VACATE

A motion for relief from a judgment or order may be based upon newly discovered evidence.  Fed. R. Civ. P. 60(b)(2).  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Johnson argues that newly discovered evidence relating to his legal malpractice claims previously brought in Superior Court warrants granting his Rule 60(b)(2) motion.  (Pl.'s Mot. to Vacate at 1.)  What Johnson erroneously characterizes as newly discovered evidence is a memorandum opinion and judgment of the District of Columbia Court of Appeals issued September 28, 2006, affirming the District of Columbia Superior Court's orders denying Johnson's motions under Super. Ct. Civ. R. 60(b) in which Johnson asserted that his adversary had committed fraud upon the court.  (See Mem. Op. & J., Johnson v. District of Columbia, Nos. 04-CV-115 and 04-CV-442 (D.C. Ct. App. Sept. 28, 2006) at 1 ("The trial court found no merit to the claims of fraud, and neither do we.  We accordingly affirm.").)  The decision of the appeals court does not constitute newly discovered evidence relevant to the federal civil rights claims, or any other claims, that Johnson asserted in his complaint in this case.

CONCLUSION AND ORDER

Because Johnson has not identified a sound legal basis for either reconsidering or vacating the order dismissing his complaint, and because the evidence he offered will not alter the conclusion that diversity jurisdiction was not established, Johnson's motions will be denied. Accordingly, it is hereby

ORDERED that Johnson's motion for reconsideration of the September 19, 2006 order be, and hereby is, DENIED. It is further

ORDERED that Johnson's motion to vacate the September 19, 2006 order be, and hereby is, DENIED. It is further

ORDERED that Johnson's motion to admit evidence be, and hereby is, DENIED.

SIGNED this 23rd day of October, 2006.

                                                /s/
                                    RICHARD W. ROBERTS
                                    United States District Judge