```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
KENNETH W. JOHNSON,           )
                              )
        Plaintiff,            )
                              )
        v.                    )   Civil Action No. 06-22 (RWR)
                              )
STACEY LEWIS et al.,          )
                              )
        Defendants.           )
_____)
```

### MEMORANDUM ORDER

Plaintiff Kenneth W. Johnson, acting *pro se,* has filed his second motion under Fed. R. Civ. P. 60(b) to vacate the final order dated September 19, 2006, and a motion to reconsider an order dated November 9, 2006. Johnson's pending motions will be denied because this court lacks jurisdiction to consider them. In addition, an order denying another motion on the merits will be vacated and that motion will be denied for lack of jurisdiction instead.

BACKGROUND

A final order dismissing this case was entered on September 19, 2006. On September 26, 2006, Johnson moved under Fed. R. Civ. P. 59(e) for reconsideration of the final order, and on September 29, 2006, he noticed an appeal. On October 2, 2006, he moved under Fed. R. Civ. P. 60(b) to vacate the final order. His Rule 59(e) and Rule 60(b) motions were denied in an order dated October 23, 2006. Johnson then moved on November 3, 2006

for reconsideration of the October 23 order, which was denied in an order dated November 9, 2006. He now moves, by submission made on November 16, 2006, for reconsideration of the November 9 order, and also moves again under Rule 60(b), by submission made on or about November 24, 2006,[1] to vacate the September 19 final order.

DISCUSSION

"If a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion [under Federal Rules of Civil Procedure 59 or 60] -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Johnson's September 29 notice of appeal became effective as of October 23, 2006, when his Rule 59(e) and 60(b) motions were denied and there were no other such remaining motions. At that point, this court was divested of jurisdiction over any subsequently filed motions. "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

---

[1] The Rule 60(b) motion bears no date-stamp by the clerk of court's office. The accompanying certificate of service bears the date of November 24, 2006.

Johnson's pending Rule 60(b) motion to vacate the September 19 judgment was submitted on or about November 24, 2006, and his pending motion to reconsider the November 9 order was submitted on November 16, 2006.  This court does not have jurisdiction over either of these motions because Johnson's notice of appeal had become effective on October 23, 2006, divesting this court of jurisdiction.[2]

Johnson's November 3 motion sought reconsideration of the October 23 order denying Johnson's motions to alter or vacate the judgment of September 19.  The November 3 motion was denied on the merits.  However, because the notice of appeal became effective October 23, 2006, this court had no jurisdiction over the November 3 motion.  Because determination of the November 3 motion on the merits was improvident, the November 9 order denying the November 3 motion will be vacated and the November 3 motion will instead be denied for lack of jurisdiction.

---

[2] Moreover, the pending November 24 Rule 60(b) motion to vacate could not have stayed the effective date of the notice of appeal because it was not filed within ten days after the September 19, 2006 final order was entered.  See Fed. R. App. P. 4(a)(4)(A)(vi).  In addition, although the pending November 16 motion to reconsider the November 9 order purports to be brought under Fed. R. Civ. P. 59(e), it is not a proper Rule 59(e) motion.  Rule 59(e) permits motions for relief from only judgments and final appealable orders, and the November 9 order is not a judgment or final order.  See Fed. R. Civ. P. 54(a), 59(e).

CONCLUSION AND ORDER

Because this court lacks jurisdiction to hear and determine Johnson's pending motions, it is hereby

ORDERED that Johnson's November 24 motion under Rule 60(b) and Johnson's November 16 motion to reconsider the November 9 order be, and hereby are, DENIED. It is further

ORDERED that the order dated November 9, 2006, denying Johnson's November 3 motion for reconsideration be, and hereby is, VACATED, and that Johnson's November 3 motion for reconsideration be, and hereby is, DENIED for lack of jurisdiction.

SIGNED this 11th day of January, 2007.

                                                      /s/
                                        RICHARD W. ROBERTS
                                        United States District Judge